State v. Doggett

———————

STATE OF NORTH CAROLINA v. GEORGE CARSON DOGGETT

No. 7925SC105

(Filed 15 May 1979)

**Automobiles § 126.3— breathalyzer test—possession of permit by operator—failure to show when issued**

Testimony by a breathalyzer operator that he holds certificate number 2109 from the Department of Human Resources stating that he is qualified as a breathalyzer operator provided the basis for a reasonable inference that he possessed a valid permit at the time he administered a breathalyzer test to defendant, although it was not established when the permit was issued.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 27 September 1978 in Superior Court, CATAWBA County. Heard in the Court of Appeals 27 April 1979.

Defendant was convicted of driving under the influence and was given a suspended sentence of 60 days. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Isaac T. Avery III, for the State.*

*Ingle & Joyner, by John D. Ingle, for defendant appellant.*

ARNOLD, Judge.

G.S. 20-139.1(b) sets out the two requirements for making breathalyzer test results admissible in evidence: the test shall have been performed (1) according to methods approved by the Commission for Health Services (2) by a person possessing a valid permit issued by the Department of Human Resources. Defendant does not contest the methods used for administering the test, but he does argue that no showing has been made that the administering officer possessed a valid permit at the time he gave the test.

Trooper Jack Richardson of the Highway Patrol administered the breathalyzer test to defendant. Richardson testified that he holds certificate number 2109 from the Department of Human Resources stating that he is qualified as a breathalyzer operator. Defendant argues that though Richardson may indeed have held such a permit on 27 September, the day of trial, there is no evidence that he held such a permit on the prior 27 March, the day of the offense.

Our holding, based upon the Supreme Court decision in *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706, *reh. denied* 285 N.C. 597 (1973), is that the State presented sufficient evidence to satisfy G.S. 20-139.1(b). In *Eubanks*, the administering officer "testified that he attended the breathalyzer operator's school" and that "he received a certificate issued by the North Carolina State Board of Health." *Id.* at 563, 196 S.E. 2d at 710. (Prior to the 1975 amendment of the statute, the Commission for Health Services was the appropriate agency to issue permits.) The court found this testimony to be sufficient to establish the admissibility of the test results. No mention was made of the fact that the testimony did not establish when the permit had been issued.

We believe that in the case *sub judice* Richardson's testimony provides the basis for a reasonable inference that he possessed the valid permit at the time he administered the test. Nothing appears to the contrary; in fact, Richardson testified in

detail about the simulator test he ran before testing defendant, saying that when he got a reading he knew, "according to my training," that it was within the permissible limits.

We find that defendant received a fair trial, free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.